IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KWAI CUFFIE, <br><br> Plaintiff, <br><br> v. <br><br> MACY'S, <br><br> Defendant. | No. 2:17-cv-00815 <br><br> Judge Arthur J. Schwab <br> Magistrate Judge Lisa Pupo Lenihan |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Second Amended Complaint be dismissed without prejudice under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and that Plaintiff be granted leave to file a third amended complaint, to correct the deficiencies noted below, within fourteen (14) days of the date of the District Judge's order on this Report and Recommendation. If Plaintiff fails to timely file a third amended complaint or notifies the Court that he does not intend to file a third amended complaint, then it is recommended that the case be dismissed with prejudice.

## II. REPORT

On July 5, 2017, the undersigned issued a Report and Recommendation (ECF No. 6) recommending that this civil action, which was commenced *in forma pauperis*, be

dismissed without prejudice under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The 7/5/17 Report and Recommendation further recommended that Plaintiff be granted leave to file a second amended complaint in order to correct the noted deficiencies, within fourteen (14) days of the date of the District Judge's order on this Report and Recommendation. If Plaintiff failed to timely file a second amended complaint or notified the Court that he did not intend to file a second amended complaint, then the undersigned recommended that the case be dismissed with prejudice. On July 14, 2017, Plaintiff filed a Second Amended Complaint (ECF No. 8). The Court has reviewed the Second Amended Complaint and finds that it, too, fails to state a claim upon which relief may be granted.

**A.**     <u>**Legal Standard**</u>

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

As noted in the July 5, 2017 Report and Recommendation, Plaintiff is eligible for and has been granted leave to proceed *in forma pauperis*. Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Specifically,

Section 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Here, the Court is recommending that Plaintiff's Second Amended Complaint also be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state claims on which relief may be granted.

### B. Analysis

One of the deficiencies noted in the 7/5/17 Report and Recommendation was Plaintiff's failure to allege, in his Amended Complaint, facts to show that he complied with the exhaustion requirements under the Title VII and the Americans with Disabilities Act, and that he filed his federal civil action in a timely manner. *See* 7/5/17 Report & Recommendation at 8 (ECF No. 6). Although in his Second Amended Complaint Plaintiff makes a passing reference to attempting to mediate his claim before the EEOC, he has not attached, or even alleged, that he received a right-to-sue letter from the EEOC, let alone alleged the date he received a right-to sue letter from the EEOC. Nor does Plaintiff attach a copy of his Charge of Discrimination filed with the EEOC showing which type of claims he pursued with the EEOC. Therefore, the Second Amended Complaint fails to show that he complied with the exhaustion requirements under Title VII and the ADA. However, given Plaintiff's pro se status, the Court will grant him one last opportunity to amend his complaints to correct this deficiency.

Another deficiency noted in the 7/5/17 Report and Recommendation was Plaintiff's failure to provide statements of fact in support of his claims for disability and racial discrimination, retaliation and wrongful discharge, including dates of when the alleged discriminatory actions, retaliation, and wrongful termination occurred. Although the Second Amended Complaint contains a few additional statements in support of his claims, most of these statements are conclusory, rather than factual in nature, or merely reiterate the elements of a claim. As the Court observed in the 7/5/17 Report and Recommendation, the "Court must accept as true all *factual* allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff." ECF No. 6 at 5 (citation omitted) (emphasis added). However, allegations that are no more than conclusions, or are merely restatements of the elements of a claim, are not entitled to the assumption of truth. *Id.* at 7 (citations omitted).

Moreover, it is not clear which of his claims—racial discrimination, disability discrimination, retaliation, or wrongful discharge—the new statements are intended to support. This is because Plaintiff has not set forth in a separate paragraphs (usually identified as count 1, count 2, etc.) each claim, with a description of the facts that support that particular claim, including references to relevant dates, times and locations. The description should explain to the Court what happened by specifically describing each individual's behavior or action and how that behavior or action—or lack of action—resulted in the alleged violations. In so doing, Plaintiff must keep in

4

mind the prima facie elements of each claim that need to be supported by statements of fact.[1] In light of Plaintiff's pro se status, the Court will grant him one last opportunity to amend his complaints to correct these deficiencies.

Plaintiff is reminded that the third amended complaint will be treated as a stand-alone pleading. Therefore, Plaintiff must name each and every defendant he wishes to sue, and include all of the claims and supporting factual allegations, as well as the requested relief, to which he would like those defendants to respond and which he would like the Court to consider from this point forward.

Likewise, Plaintiff is again reminded that his third amended complaint shall conform to the form requirement set forth in Federal Rule of Civil Procedure 10. In particular, Rule 10(b) states as follows:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). "The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief." *Young v. Centerville Clinic, Inc.*, Civ. A. No. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009).

---

[1] The prima facie elements of each claim asserted in Plaintiff's original and first amended complaints were identified in the 7/5/17 Report and Recommendation. *See* ECF No. 8 at 9-12.

If, after reviewing the Court's instructions above, Plaintiff determines that he is unable to correct the deficiencies noted above, he may file a notice with the Court indicating that he does not intend to file a third amended complaint. If that occurs, this Magistrate Judge recommends that the case be dismissed with prejudice pursuant to Section 1915(e)(2)(B)(ii).

C. **Conclusion**

It is respectfully recommended that Plaintiff's Second Amended Complaint, which was commenced *in forma pauperis*, be dismissed without prejudice under 28 U.S.C. §1915(e)(2)(B), for failure to state a claim upon which relief may be granted, and that Plaintiff be granted leave to file a third amended complaint,[2] to correct the deficiencies noted above, within fourteen (14) days of the date of the District Judge's order on this Report and Recommendation. If Plaintiff fails to timely file a third amended complaint or notifies the Court that he does not intend to file a third amended complaint, then it is recommended that the case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff is allowed fourteen (14) days from

---

[2]The court of appeals has held that if a district court is dismissing a claim pursuant to 12(b)(6) in a civil rights case, it must sua sponte "permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir.2008). This rule also applies to civil rights cases involving employment discrimination under Title VII. *See Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir 2001) (holding that the district court erred in not providing plaintiff/corrections officer an opportunity to amend his hostile work environment claims under Title VII to allege additional facts to survive a motion to dismiss).

the date of service of a copy of this Report and Recommendation to file objections. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: August 17, 2017

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

cc: Kwai Cuffie, *Pro Se* Plaintiff
1716 Davidson Street
Aliquippa, PA 15001
*Via U.S. First Class Mail*